**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAM HOUSTON** | § | |
| | § | |
| **V.** | § | **1:15-CV-570-RP** |
| | § | |
| **BANK OF AMERICA, N.A., et al** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND REPORT AND
RECOMMENDATION ON THE MERITS OF THE CLAIM**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court Plaintiff Sam Houston's ("Houston") Motion to Proceed *In Forma Pauperis* (Dkt. No. 3), filed on July 6, 2015. The District Court referred the above-motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Houston's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Houston *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).  This indigent status is granted subject to a later determination should the action be dismissed because the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Houston is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Houston's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Houston has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial

plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer her "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff claims that his home, in Cedar Park, Texas, was fraudulently sold on March 4, 2014. It is unclear from the complaint why the house was sold, who sold it, or what factors allegedly made the sale fraudulent. The Plaintiff also claims that the common law has been suspended for property owners. Because of this suspension of the common law, the Plaintiff seeks to bring his claim under Admiralty and Maritime Rules.

Nowhere in his complaint does Houston state any cognizable cause of action. Federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Their subject matter jurisdiction extends to civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. The Court does not have diversity jurisdiction in this case, as complete diversity between Houston and all of the Defendants is lacking. The Court also does not have federal question jurisdiction in this case. A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). While Houston contends that 28 U.S.C. § 1333 grants this Court jurisdiction, the statute only confers jurisdiction for incidents and

transactions occurring on navigable waters. *Jackson v. The Mongolia*, 61 U.S. 296 (1857). Navigable waters are bodies of water that "form in their ordinary condition . . . a continued highway over which commerce is or may be carried on with other States or foreign countries." *The Daniel Ball*, 77 U.S. 557 (1870). Because there is no information in the complaint alleging that this transaction took place on, involved property designed for, or took place in close proximity to, navigable waters, this court lacks jurisdiction.

However, even if this court did have jurisdiction to decide the current case, it would not pass frivolousness review under 28 U.S.C. § 1915(e)(2). Under applicable Texas law, "the elements of fraud are (1) that a material misrepresentation was made; (2) the misrepresentation was false; (3) when the misrepresentation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should rely on it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Aquaplex, Inc. v. Rancho La Valencie, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). When analyzing a claim of fraud, the plaintiff must satisfy Rule 9(b)'s heightened pleading standard. *Davidson v. JP Morgan Chase, N.A.*, No. 4:13-CV-3698, 2014 WL 4924128, at *6 (S.D. Tex. Sept. 29, 2014). Rule 9(b) requires plaintiffs to plead "with particularity the circumstances constituting fraud or mistake, specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)) (internal quotation marks omitted). While the plaintiff in a case involving fraud can plead scienter requirements generally, the facts surrounding the alleged fraud must be pleaded with particularity.

Houston has not alleged sufficient facts to assert a claim for fraud that has a basis in law or fact. He has not alleged facts that support the bare elements of a fraud claim. He has not provided factual statements that would permit the Court to infer the occurrence of a material misrepresentation, or that the speaker knew Houston would rely on the statements made. Nor has Houston alleged any circumstances that would allow him to overcome the heightened Rule 9(b) pleading standard. Houston has not specified any statements that were fraudulent, identified the speaker making the fraudulent statements, provided any information about when and where the statements were made, or clarified why the statements were fraudulent. In sum, there are no facts in the complaint that would allow the Court to infer the existence of fraud in the sale of Houston's home.

It is possible that Houston is really asserting a claim for wrongful foreclosure. However, he has not alleged facts sufficient to make out a claim for this cause of action either. Under Texas law, a plaintiff can bring a wrongful foreclosure claims if she can show that there was "(1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price." *Waltner v. Aurora Loan Services, L.L.C.*, 551 F. App'x 741, 749 (5th Cir. 2013) (citing *Miller v. BAC Home Loans, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013)). However, if the borrower can show that "the lender deliberately chilled the bidding at the foreclosure sale," then she will not have to show the latter two elements. *Id.* Houston has failed to allege any facts supporting a defect in the foreclosure sale proceedings, a grossly inadequate selling price, or deliberate chilling of bidding at the foreclosure sale. He has not provided property value of the house or the selling price. Nor has he provided any information about the conduct of the person who conducted the foreclosure sale. Because Houston has not alleged any facts supporting either of these situations, his claim must be dismissed.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Houston *in forma pauperis* status.  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  The undersigned **RECOMMENDS** that the District Court **DISMISS** Houston's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS** all additional pending motions as **MOOT.**

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of August, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE